UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GREGORY A. HARRIS,

    Plaintiff,

v.                                                      Case No. 5:12-cv-23-Oc-30TBS

STATE OF FLORIDA, et al.,

    Defendants.
_____/

**ORDER DISMISSING CASE**

Plaintiff initiated this *pro se* action by filing a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff presently is incarcerated at Marion County Jail. It appears Plaintiff seeks 99 million dollars in damages in connection with Plaintiff's 1990 convictions in Marion County. Plaintiff also seeks 50 million dollars in attorney's fees.

Pursuant to the Prison Litigation and Reform Act (PLRA), the Court is required to dismiss a case if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.[1] The Court must liberally construe a *pro se* Plaintiff's allegations.[2]

The Court concludes that this case must be dismissed without prejudice. In *Heck v. Humphrey*,[3] the Supreme Court held that:

---

[1] *See* 28 U.S.C. § 1915(e)(2).

[2] *Haines v. Kerner*, 404 U.S. 519 (1972); *see also Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

[3] 512 U.S. 477 (1994).

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]

*Heck*, 512 U.S. at 487 (footnote omitted).  Moreover, the Supreme Court stated that one reason for imposing such a requirement is to prevent a convicted criminal defendant from collaterally attacking his criminal conviction through a civil suit.  *Id*. at 484.

In this case, it is clear that a decision favorable to the Plaintiff would necessarily imply the invalidity of his criminal convictions.  Plaintiff has not shown that the basis for his criminal convictions has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.  Accordingly, at this time, Plaintiff has no chance of success on the merits of his § 1983 claims.

For the reasons stated herein,  this case is **DISMISSED without prejudice**.  The Clerk is directed to terminate any pending motions and close the file.

**DONE** and **ORDERED** in Tampa, Florida on March 26, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Parties of Record